UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-61361-civ-Valle

[Consent Case]

JOHNNY MAX OXYDE,

        Plaintiff,

v.

STAR PUPS, INC.,
DANIEL RUIZ,

        Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

      Plaintiff, JOHNNY MAX OXYDE, and Defendants STAR PUPS, INC. and DANIEL RUIZ, by and through the undersigned counsel, hereby file this motion seeking the Court's approval of the parties' settlement agreement filed contemporaneously herewith and dismissal of Plaintiff's claims with prejudice conditioned upon the Court's reservation of jurisdiction to enforce the terms of the settlement.[1] In support, Plaintiff states the following:

1.    In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc. v. U.S. Department of Labor*, 679 F.2d at 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the

---

[1] *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

2. Defendants contend that Plaintiff was paid for each and every hour worked, all compensation that was due, and deny that Plaintiff is entitled to any compensation. Therefore, had this case proceeded to trial, Plaintiff may not have recovered any amount. To avoid the risk, cost, delay, and distraction of continued litigation, the parties have agreed to the attached settlement agreement.

WHEREFORE, the parties respectfully requests that the Court enter an Order: (1) approving the terms of the settlement agreement as a fair and reasonable compromise of disputed claims, and (2) dismissing this action with prejudice conditioned upon the Court retaining jurisdiction to enforce the terms of the parties' settlement agreement.

Submitted on this Thursday, March 25, 2021.

Respectfully Submitted,

| /s/ Nolan Klein | /s/ Elliot Kozolchyk |
|---|---|
| Nolan Klein, Esq. | Elliot Kozolchyk, Esq. |
| Florida Bar No. 647977 | Florida Bar No. 74791 |
| Law Offices of Nolan Klein, P.A. | Koz Law, P.A. |
| 5550 Glades Road, Suite 500 | 320 S.E. 9th St. |
| Boca Raton, FL 33431 | Fort Lauderdale, FL 33316 |
| Ph:  (954) 745-0588 | Ph: (786) 924-9929 |
| klein@nklegal.com | Fax: (786) 358-6071 |
| *Attorney for Plaintiff* | ekoz@kozlawfirm.com |
|  | *Attorneys for Plaintiff* |